**UNITED STATES, Appellee,**

v.

**Steven L. DATILLO, Defendant–Appellant,**

**Alphonse Amendola, a.k.a. Denise, a.k.a. Al, Defendant.**

**No. 03–1292.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2004.

Joseph W. Martini, Pepe & Hazard LLP, Southport, CT, for Appellant.

Peter S. Jongbloed, Assistant United States Attorney (Jeffrey A. Meyer, Assistant United States Attorney, Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief, David Migliore, Law Student Intern), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee, of counsel.

Present: CABRANES, RAGGI, Circuit Judges and MUKASEY, District Judge.*

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

Steven Datillo appeals the sentence imposed by the District Court on April 14, 2003, following his guilty plea to a one-count indictment charging him with the operation of an illegal gambling business in violation of 18 U.S.C. § 1955.[1] Defendant challenges the District Court's decision to increase his offense level by three levels for being a manager or supervisor in criminal activity that involved five or more participants or was otherwise extensive, pursuant to U.S.S.G. § 3B1.1(b).[2]

The District Court assessed the three-level increase based on information in the presentence report that described defendant as a mid-level participant in an extensive sports bookmaking business and also described the involvement of at least five other individuals. The Court stated that it "ha[d] reviewed all of the facts in the presentence report" and that the three-level adjustment was "appropriate because clearly the defendant was a manager or supervisor and the criminal activity did involve five or more participants and certainly was quite extensive and, as the government points out, he doesn't have to directly supervise those people." Defendant contends (1) that these statements do

---

* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. 18 U.S.C. § 1955(a) provides:
   Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both.

2. Section 3B1.1, entitled "Aggravating Role," provides:
   Based on the defendant's role in the offense, increase the offense level as follows:
   (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
   (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
   (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

not amount to specific factual findings necessary to support a three-level increase under subsection (b), and (2) that, even if the District Court made specific factual findings, the record contains insufficient evidence to support the increase. We review the District Court's application of the guideline to the facts of this case under the clearly erroneous standard. *See United States v. Liebman,* 40 F.3d 544, 547 (2d Cir.1994).

Having considered the material submitted by the parties and heard oral argument of counsel, we conclude that the District Court made sufficiently specific factual findings when it found on the basis of the presentence report that defendant was a manager or supervisor in criminal activity that involved five or more participants and was extensive. We further conclude that the record contains sufficient evidence to support those findings. Accordingly, the District Court did not err, much less clearly err, when it increased defendant's offense level by three levels pursuant to U.S.S.G. § 3B1.1(b), and the sentence is **AFFIRMED.**